UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIM. NO. 03-107(DRD) |
| Plaintiff, | |
| v. | |
| JOSEPH MORALES-ALDAHONDO, | |
| Defendant. | |

**OPINION AND ORDER ON ALLEGED STATUTORY
SPEEDY TRIAL VIOLATION**

Pending before the court is defendant's Motion filed on March 29, 2005 requesting dismissal based on Speedy Trial Act of 1974 (STA) violations, 18 U.S.C. 3161-3174, (Docket No. 100). The United States opposed the request on April 11, 2005, (Docket No. 101). The court made a preliminary determination that the speedy trial had not expired on April 13, 2005 but nevertheless scheduled a hearing on April 26, 2005, (Docket No. 105). The court is now ready to rule. The preliminary determination prevails.

The court accepts the reasoning of the defendant as to all excludable times stated in its submittals of March 29, 2005, except that the court disagrees as to the extent of the excludable period set forth by defendant. The excludable time is materially understated and hence the STA has not expired. The court explains.

The Speedy Trial under 18 U.S.C. 3161 sets forth a period of seventy days to begin a trial, the indictment must be dismissed if the defendant's trial has not begun within the period of seventy days after the latter of the return of the indictment or the defendant's first

1

appearance before a judicial officer. 18 U.S.C. 3161(c)(1). However, "the Speedy Trial does not deal in absolutes, but rather, envisions the exclusion of certain periods of time." 18 U.S.C. 3161. United States v. Vega Molina, ___F.3d___ (1st Cir. 2005), May 19, 2005, 2005 W.L. 1177221, p. 14.  See also United States v. Santiago Becerril, 130 F.3d 11, 15-20 (1st Cir. 1997). Should the defendant not be brought to trial within the seventy day period described, discounting the excludable periods, "the information or the indictment shall be dismissed on motion of the defendant." 18 U.S.C. 3162(a)(2), United States v. Santiago Becerril, 130 F.3d at 15.[1]

The date of the first appearance is excludable as well as together with the filing of any motion of the government.  United States v. Santiago Becerril, 130 F. 3d at 16, "delay resulting from any Pre-trial motions, from the filing of the motion through the conclusion of the hearing on, or other dispositions of, such motion." 18 U.S.C. 3161(h)(1).  Santiago Becerril, Id. The court normally, however, has thirty days to resolve a pending motion after hearing and/or after submittal. United States v. Joost, 133 F.3d 125, 130 (1st Cir. 1998), § 3161(h)(1)(5).  The excludable thirty-day period also excludes the time after a hearing when the court waits for briefs and/or materials relating to the motion to be decided.

---

[1] The issue then becomes whether the United States is at fault and/or an oversight of the court and/or whether defendant has suffered prejudice to determine if the dismissal is with or without prejudice. The court must examine three factors, (1) the seriousness of the offense, (2) the circumstances leading to dismissal, (3) the effect of the reprosecution of the defendant on the administration of justice and the Act, 18 U.S.C. 3162 (a)(1)-(2). United States v. Scott, 270 F.3d 30, 58 (1st Cir. 2001). The court in the instant case would be inclined to dismiss without prejudice if the STA had elapsed because the delay has been caused by the multiple motions filed by defense and by the unquestioned serious illness of the prosecutor who handled the case until Christmas 2004 when she resigned from the District Attorney's Office. (Notice that the infirmity precisely coincides when the second Motion to Suppress is filed.) The court cannot fault the delay on the lap of the United States nor on administrative oversight of the court. This case was delayed on many occasions because the AUSA attending the case was seriously ill and had to undergo periodic extensive medical treatments. Further, the defendant has been on bail and has not informed any prejudice.

2

Henderson v. United States, 476 U.S. 321 at 331; 106 S.Ct. 1871, 1877 (1986). A hearing under 3161(h)(1)(f) constitutes any on the record colloquy in which the district court hears argument of counsel and considers them prior to deciding the pending motion. United States v. Staula, 80 F.3d 596. 601 (1st Cir. 1996). Further as long as the hearing on motion is conducted before trial, delay until the hearing should automatically be considered a delay resulting from a pre-trial motion. United States v. Salimonu, 182 F.3d 63, 69 (1st Cir. 1999) ("Rather, as long as the hearing on the motion is to be conducted before trial, the delay until the hearing automatically should be considered delay" resulting from "a pre-trial motion. The delay in bringing Salimonu to trial was indeed overlong, and the district court should have acted with much more expedition. Nonetheless, **because a hearing was required on his motion for reconsideration [2nd Motion to Suppress], the delay resulting from these motions was properly excluded from the STA calculations."** (Emphasis ours.)

### ANALYSIS

Taking into consideration the above enumerated standards, the United States is correct in that the period of time since July 7, 2004, when defendant sought time to file a Second Motion to Suppress which defendant did file on August 7, 2004, until March 9, 2005, when the court decided them, is to be excluded from the STA. United States v. Salimonu, 182 F. 3d at 69 and United States v. Rodríguez, 63 F. 3d 1159, 1165 (1st Cir. 1995) (holding that the period between the filing of the motion and the request to file the motions, was excludable preparation time under 3161(h)(1); United States v. Fields, 39 F. 3d 439, 444 (3rd Cir. 1994) (time requested to prepare the motions are excludable). Further

a Motion to Suppress as that filed by defendant constitutes a motion **requiring a hearing** and until the hearing is held regardless of the delay of the court, the time is excludable. Henderson v. United States, 476 at 326-330.

Further, the defendant accepts that the motion as to Mental Competency filed on April 22, 2003, (Docket No. 9) is excludable. However, the extent of exclusion is broader than envisioned by defendant. The motion was **not** closed for tolling purposes as urged by defendant by the granting of the same by the U.S. Magistrate Judge on April 29, 2003, but is closed ten (10) days after the medical report is submitted since the defendant has time to challenge the report. Since the medical report was submitted on June 3, 2003, the ten day period elapses (excluding Saturdays and Sundays) on June 17, 2003 (the defendant had ten days to file and question the conclusions of the report). United States v. Garrett, 45 F. 3d 1135, 1138 (7th Cir. 1995) (ten day period granted to file motion is excluded even though not used).

Further, the term granted by the court to plea on February 24, 2005 is excludable until March 8, 2005 when defendant advised that no plea was reached. United States v. Van Somner, 118 F. 3d 1214, 1218 (8th Cir. 1997) (holding that plea negotiation periods are excludable).

Finally, a Motion to Dismiss for Speedy Trial violations, as filed by defendant on March 29, 2005 tolls the Speedy Trial Act, since the court heard oral argument on April 26, 2005, until May 26, 2005.  United States v. Rogers, 899 F. 2d 917 (10th Cir.) cert. denied 111 S. Ct. 113 ( 1996) (Defendant's Speedy Trial Motion to Dismiss toll the Speedy Trial) (attempted interlocutory appeal of Speedy Trial dismissals further toll the Speedy

Trial Act).  United States v. Dichier, 542 F. 2d 1182, 1188 (2nd Cir. 1970).)

We proceed no longer. The Speedy Trial has not expired because the above stated motions toll the STA for more extensive periods of time that are recognized by defendant. The matter is not close. At this time a cursory analysis yields that the Speedy Trial does not expire until around July 11, 2005.[2]

**The case is set for final Pre-trial conference on June 3, 2005 at 1:30 p.m. Defendant is to advise if a plea has been reached.  If no plea is reached, the case shall proceed to trial the next week immediately thereafter.**

**IT IS SO ORDERED.**

At San Juan, Puerto Rico, this 31 day of May 2005.

s/ Daniel R. Domínguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[2] Defendant admitted when the Motion to Dismiss for STA violation was filed on March 29, 2005, that seventy-three (73) had elapsed. (Docket No. 100, p. 12.)  However, as stated herein defendant has failed to calculate dozens of days related to the second Motion to Suppress filed on July 7, 2004 until March 9, 2005 when the same was decided. Further, the Mental Competency Request is not closed when the Magistrate grants the motion but at the earliest ten days after the mental evaluation results are submitted. (See discussion infra.)